IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

DON EDWARD CARTER,           )
                                   )
       Petitioner,          )
                                   )
v.                              )        Case No. 1:19-cv-01100-STA-jay
                                 )
SHAWN PHILLIPS,          )
                                 )
       Respondent.      )

---

ORDER DIRECTING CLERK TO MODIFY DOCKET,
GRANTING MOTION TO DISMISS,
DENYING MOTION FOR PRODUCTION OF STATE COURT RECORDS AS MOOT,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Petitioner Don Edward Carter has filed a *pro se* habeas corpus petition (the "Petition"),

pursuant to 28 U.S.C. § 2254 (ECF No. 1), as well as a document styled "Motion for Production

of Relevant Parts of the Record" (ECF No. 15).  By his motion, he seeks an order directing

Respondent Shawn Phillips[1] to file additional records from his state criminal trial.  Respondent

has moved to dismiss the Petition as untimely (ECF No. 10) and has not responded to the motion

for production of records.  For the following reasons, the motion to dismiss is **GRANTED** and

the motion for production of records is **DENIED** as moot.

---

[1]    The Clerk is **DIRECTED** to modify the docket to reflect Shawn Phillips as Respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

## BACKGROUND

On June 10, 1996, the McNairy County, Tennessee, Grand Jury returned an indictment charging Carter with two counts of first-degree premeditated murder for the fatal shooting of his father and aunt. (ECF No. 9-1 at 13-14.) He was convicted as charged following a jury trial and was sentenced to concurrent terms of life imprisonment. *State v. Carter*, 16 S.W.3d 762, 764 (Tenn. 2000). The Tennessee Court of Criminal Appeals (the "TCCA") affirmed the convictions (ECF No. 9-12), and Carter unsuccessfully appealed that decision to the Tennessee Supreme Court. *See Carter*, 16 S.W.3d at 770.

Nearly eighteen years later, on January 18, 2018, Petitioner filed a state petition for post-conviction relief. (ECF No. 9-18 at 3-50.) The petition was dismissed as untimely. (*Id.* at 58.) Carter appealed, arguing that he was entitled to equitable tolling. (ECF No. 9-20 at 5.) The TCCA affirmed, and the Tennessee Supreme Court denied permission to appeal. *Carter v. State*, No. W2018-00285-CCA-R3-PC, 2018 WL 6266166, at *5 (Tenn. Crim. App. Nov. 30, 2018), *appeal denied* (Mar. 28, 2019).

## DISCUSSION

On May 20, 2019, Carter placed his Petition into the prison mailing system for filing with the Court. (ECF No. 1 at 14.) He asserts that his due process rights were violated when the state courts determined that he was not entitled to equitable tolling of the state post-conviction limitations period, that his attorney rendered ineffective assistance at trial, and that the prosecution engaged in misconduct. On February 11, 2020, Respondent moved to dismiss the Petition as untimely. (ECF No. 10.) Carter filed a response in opposition to the motion, arguing that he is entitled to equitable tolling of the limitations period. (ECF No. 14.)

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

2

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]"  28 U.S.C. § 2244(d)(2).  The time bar is also subject to equitable tolling where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).[2]

In this matter, § 2244(d)(1)(A) applies, which means the federal limitations period was triggered when Petitioner's convictions became final.  Because Carter did not appeal his convictions to the United States Supreme Court, they became final on July 16, 2000, which was ninety days after the Tennessee Supreme Court affirmed them.  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme

---

[2]  The limitations period may also be "overcome" through a "gateway" claim of actual innocence.  *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013).  Carter has not asserted a gateway claim.

Court has expired," which is "ninety days following the entry of judgment by the 'state court of last resort[.]'") (quoting Sup. Ct. R. 13)).  The limitations "clock" began to run the next day, *see id.* at 285, and it expired 365 days later, on July 16, 2001.  When Carter placed his Petition in the prison mail system on May 20, 2019, he was late by nearly eighteen years.[3]

As previously indicated, Petitioner does not deny that he initiated his federal habeas proceeding well-beyond the expiration of the limitations period.  He argues, however, that he is entitled to equitable tolling on three grounds: his "[d]irect [a]ppeal counsel did not advise him of the post-conviction avenue upon completion of his representation," he was erroneously advised by "a prison approved legal-a[ide] . . . that he could not file[] a post-conviction [petition] because he was time-barred," and he "was mentally incompetent during the applicable time and thereafter[.]"  (ECF No. 14-2 at 22-23.)  Respondent argues that the first two reasons are inadequate grounds for equitable tolling and that Petitioner has not established that mental illness caused his untimely filing.

A.  Direct Appeal Counsel's Failure to Advise

Petitioner's argument that he is entitled to equitable tolling because his direct appeal counsel failed to tell him that he could pursue state post-conviction remedies is unavailing.  Most obviously, Petitioner does not explain how his ignorance of *state* post-conviction remedies caused his failure to timely initiate his *federal* case.   What is more, "[i]nsufficient legal advice is not enough to support equitable tolling in the Sixth Circuit."  *Steward v. Moore*, 555 F. Supp. 2d 858, 872 (N.D. Ohio 2008) (citing *Jurado v. Burt*, 337 F.3d 638, 644–45 (6th Cir. 2003)).

---

[3] Petitioner's filing of his state post-conviction petition in January 2018 does not serve to toll the federal limitations period, as the period expired long before the inmate initiated that state court action.  *See Vroman v. Brigano*, 346 F. 3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) (the statutory tolling provision, 28 U.S.C. § 2244(d)(2), "does not . . . revive the limitations period . . . ; it can only serve to pause a clock that has not yet fully run.").

Finally, "[t]he law is clear that a prisoner's lack of actual knowledge about available legal remedies . . . is not a sufficient basis for equitable tolling."   *Dorantes v. Genovese*, No. 3:19-CV-00543, 2019 WL 6524888, at *2 (M.D. Tenn. Dec. 3, 2019) (petitioner not entitled to equitable tolling on the ground that he was ignorant of state post-conviction remedies) (citing *Clinton v. Bauman*, No. 10-11528, 2011 WL 282384 (E.D. Mich. Jan. 25, 2011) (ignorance of state post-conviction remedies did not warrant tolling)).

### B. Prison Legal Assistant's Incorrect Advice

Petitioner's argument that he is entitled to equitable tolling because a prison legal assistant incorrectly informed him that a state post-conviction petition would be time-barred is also not well-taken.  As an initial matter, Petitioner does not explain how the allegedly erroneous advice about the state statute of limitations affected his ability to file a timely petition for federal relief.  In addition, even if he could show that his reliance on the advice caused his delay in filing his Petition, "reliance on . . . unreasonable and incorrect [legal] advice . . . is not a ground for equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citing *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)).

### C. Mental Illness

Under Sixth Circuit case law, "a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations."  *Ata v. Scutt,* 662 F.3d 736, 742 (6th Cir. 2011).  A petitioner seeking equitable tolling for mental incompetence bears the burden of demonstrating "that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations."  *Id.*  "In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations.  Rather, a causal link between the mental condition and untimely filing is required."  *Id.* (citing *McSwain,* 287 F.

App'x. 450, 456 (6th Cir. 2008)). "[A]n evidentiary hearing is required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file." *Id.* (citing *McSwain,* 287 F. App'x at 457–58; *Hunter v. Ferrell,* 587 F.3d 1304, 1309–10 (11th Cir. 2009) (per curiam)). In assessing the need for a hearing, a district court must "determine if the factual allegations are sufficient to support equitable tolling and [must] review the state court record in order to establish whether petitioner's assertions are refuted by the record or otherwise without merit." *Id.*

In support of his allegation that mental illness prevented a timely filing, Carter has submitted documents prepared in 1996 by his attorney and mental health professionals stating that he was being treated with psychotropic medications and that he suffered from post-traumatic stress disorder, severe depression, and bi-polar disorder. (ECF Nos. 1-1 at 14-16.) As Respondent points out, however, Petitioner does not present specific factual allegations or documentary evidence to support his general allegation that he was mentally incompetent through July 2001, when the federal limitations period expired.

Petitioner counters that he could prove that his mental illness persisted beyond 1996 if he were allowed access to his prison mental health records. He asserts, however, that a Tennessee Department of Corrections regulation prohibits him from doing so. The argument is not well-taken.

It is true that the regulation, which Respondent submitted as an exhibit, tightly controls the dissemination of an inmate's mental health records, even to the inmate himself. (*See* ECF No. 10-2 at 2-3.) However, the regulation does allow an inmate to examine his records in person in "consultation with the treating (or a knowledgeable) psychiatric/psychological professional," as long as the professional does not "believe[] that the content of the psychological records should not be released to the inmate (or that they should be released only in part or under special

conditions due to the anticipated impact upon the inmate)[.]"  (*Id.* at 3.)  Therefore, had Petitioner reviewed his records in person he presumably could have presented specific factual allegations in this case to support his general allegation that his mental illness persisted after 1996.  As Respondent correctly points out, however, Carter has not alleged that he requested a review of his records.  Accordingly, the Court rejects his argument that, if not for the regulation, he could support his claim of mental incompetence.[4]

But even assuming Petitioner could show that his mental health issues were severe enough to render him incapable of filing his federal Petition during the limitations period and for some time thereafter, the state court record shows that he was able to overcome the impediment by January 18, 2018, at the latest.  As noted above, Carter filed a state post-conviction petition on that date.  After the post-conviction court summarily dismissed the petition as untimely, Petitioner actively pursued an appeal.  *See Carter*, 2018 WL 6266166, at *1.  A search of the Tennessee Appellate Court website shows that Carter, proceeding *pro se*, filed the following documents in his post-conviction appeal: notice of appeal, motion to proceed *in forma pauperis*, motion for permission to check-out the appellate record, motion to correct or modify the record, brief in support of his appeal, motion for status update, and reply brief.[5]  After the appellate court denied relief, Petitioner filed a timely APA to the Tennessee Supreme Court.  (ECF No. 9-25.)  Petitioner then waited nearly two months after his APA was denied on March 28, 2019, to file his Petition with this Court.

---

[4]  Even without the benefit of an in-person review of his records, Petitioner should be able to provide from memory some specific facts regarding the nature of his mental illness and the problems it caused him during the limitations period.  He has not done so.

[5]  https://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=72678&Party=True (last accessed July 2, 2020).

Accordingly, on this record, Carter cannot show that his mental health issues prevented him from filing the Petition earlier than May 2019, or that he diligently pursued his federal rights once the impediment abated. *See Pace*, 544 U.S. at 419 (petitioner not entitled to equitable tolling because, among other things, he "sat on" his federal rights "for five months *after* his [state post-conviction] proceedings became final before deciding to seek relief in federal court") (emphasis in original). Equitable tolling is therefore not warranted in this case.[6] *See McSwain*, 287 F. App'x at 457 (prisoner was not entitled to equitable tolling where "the record evidence indicate[d] [she] was able to pursue both direct and collateral challenges to her conviction in the state courts notwithstanding her mental illness.").

Because Petitioner sought federal habeas relief well beyond the time allowed by the relevant statute and has not shown entitlement to equitable tolling, the motion to dismiss is **GRANTED** and the motion for production of additional state court records is **DENIED** as moot. The Petition is hereby **DISMISSED**.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322,

---

[6] An evidentiary hearing on equitable tolling is not necessary in light of the state court record.

8

336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition.  Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is therefore DENIED.[7]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 29, 2020.

---

[7] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.